# Exhibit A

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901

ORIGINAL

CHRIS DEROSE, CLERK
BY _____ DEP

R. WEBB, FILED
18 AUG -2 AM 11: 29

Inv. # 126387

# SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

**CHLORINE LIFE, L.L.C. dba AZ ELITE SPORTS AND GYM**

Plaintiff / Petitioner,

vs.

**STAR INSURANCE COMPANY, as subsidiary of MEADOWBROOK INSURANCE GROUP; et al.**

Defendant / Respondent.

NO. CV2018-052751

CERTIFICATE OF SERVICE

<u>Tina Nemeth</u>, the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:

**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION, DEMAND FOR JURY TRIAL**

from <u>Hesam Alagha c/o Herman & Goldstein, P.C.</u> on <u>7/27/18</u>;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:** STAR INSURANCE COMPANY, as subsidiary of MEADOWBROOK INSURANCE GROUP, c/o Arizona Department of Insurance
**DATE & TIME:** 7/31/2018 11:48am
**PLACE & MANNER:** 100 N. 15TH AVENUE STE.102 PHOENIX, AZ 85007, which is his/her place of business. By serving Elizabeth Villalino, Admin. Assistant, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 25, Ht: 5' 5in., Wt: 120, Eyes: Black, Hair: Brown, Ethnicity: Hispanic

**Statement of Costs**
| | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness | |
| Advances | $15.00 |
| Cert. Prep | $12.00 |
| Other | $1.50 |
| **Total** | **$68.50** |

S/C

Affiant - Registered in
**Maricopa County**

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

ORIGINAL

| | |
|---|---|
| Hesam Alagha (#026607)<br>HERMAN \| GOLDSTEIN<br>1850 East Thunderbird Road<br>Phoenix, Arizona 85022<br>(602) 569-8200<br>halagha@hgfirm.com<br>meo@hgfirm.com<br>*Attorney for Plaintiff* | RECEIVED<br>AUG 01 2018<br>LEGAL DEPARTMENT<br><br>STATE OF ARIZONA<br>DEPT. OF INSURANCE<br>JUL 30 2018<br>TIME 11:46 am<br>SERVICE OF PROCESS |

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CHLORINE LIFE LLC; an Arizona limited liability company dba AZ ELITE SPORTS AND GYM,<br><br>          Plaintiff,<br><br>v.<br><br>STAR INSURANCE COMPANY, as subsidiary of MEADOWBROOK INSURANCE GROUP; Michigan corporations; DOES I-X; BLACK CORPORATIONS I-X; AND WHITE PARTNERSHIPS I-X;<br><br>          Defendants. | Case No.<br><br>CV2018-052751<br><br>**SUMMONS**<br><br>If you would like legal advice from a lawyer,<br>contact the Lawyer Referral Service at<br>602-257-4434<br>or<br>www.maricopalawyers.org<br>Sponsored by the<br>Maricopa County Bar Association |

THE STATE OF ARIZONA TO:

    Star Insurance Company

    YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona – whether by direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after receipt. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is

complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. Ariz.R.Civ.P. 4; A.R.S. Ann. §§ 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. Ariz.R.Civ.P. 10(d); A.R.S. Ann. § 12-311; Ariz.R.Civ.P. 5.

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding. Local Rule 2.5.

The name and address of plaintiff's attorney are noted above.

SIGNED AND SEALED this date: JUL 0 9 2018

Clerk of the Court

**CHRIS DEROSE, CLERK**

By _____
Deputy Clerk

By: _____
Plf/SAM/Guice/Pldgs – 3850-1

2



Evan S. Goldstein (#011866)
Hesam Alagha (#026607)
HERMAN | GOLDSTEIN
1850 East Thunderbird Road
Phoenix, Arizona 85022
(602) 569-8200
halagha@hgfirm.com
meo@hgfirm.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CHLORINE LIFE LLC; an Arizona limited liability company dba AZ ELITE SPORTS AND GYM,<br><br>Plaintiff,<br><br>v.<br><br>STAR INSURANCE COMPANY, as subsidiary of MEADOWBROOK INSURANCE GROUP; Michigan corporations; JOHN and JANE DOES I-X; BLACK CORPORATIONS I-X; AND WHITE PARTNERSHIPS I-X;<br><br>Defendants. | Case No. CV2018-052751<br><br>**COMPLAINT**<br><br>(Breach of Contract, Breach of Duty of Good Faith and Fair Dealing, Punitive Damages) |

Plaintiff, by and through counsel undersigned, and for its claims against Defendants, and each of them, alleges:

### GENERAL ALLEGATIONS

1. Plaintiff is a limited liability company formed in Arizona, and doing business as AZ Elite Sports and Gym. Plaintiff operated a gym and fitness facility in Chandler, Arizona, at all times relevant to this Complaint.

2. Upon information and belief, Defendant Star Insurance Company (hereinafter "Star Insurance") is a Michigan corporation authorized to conduct insurance business in Maricopa County, Arizona. Star Insurance is a subsidiary of Meadowbrook Insurance Group.

3. Defendants John and Jane Does I-X are fictitious names. The true names of John and Jane Does I-X are currently unknown to Plaintiff. Plaintiff will request leave of this Court to insert their true identities if they become known.

4. Defendants Black Corporations I-X are fictitious names. The true names of Black Corporations I-X are currently unknown to Plaintiff. Plaintiff will request leave of this Court to insert their true identities if they become known.

5. Defendants White Partnerships I-X are fictitious names. The true names of White Partnerships I-X are currently unknown to Plaintiff. Plaintiff will request leave of this Court to insert their true identities if they become known.

6. The cause of action complained of herein arose from events in Maricopa County, Arizona. Therefore, jurisdiction and venue are proper in Maricopa County under A.R.S. § 12-401.

7. On April 23, 2016, Defendant Star Insurance issued a Commercial Lines Policy No. CP0862239 (hereinafter "the Policy"), to Plaintiff for the operation of a fitness center in Chandler, Arizona.

8. On July 9, 2016, water damage occurred at Plaintiff's fitness center, which formed the basis of a covered loss under the Policy. As a result of the loss, the entire upstairs area of Plaintiff's business was closed to gym members.

9. Plaintiff filed a notice of claim with Defendant Start Insurance as a result of the above-referenced loss.

10. Defendant Star Insurance agreed that the water damage was covered under the policy, but delayed the payment of the loss without sufficient cause.

11. Defendant's adjusters failed to timely investigate the loss, and acted unreasonably in responding to Plaintiff's requests for information regarding the loss.

12. Defendant finally paid approximately $45,000 for the water damage mitigation. However, Defendant's unreasonable delays caused Plaintiff to lose many members.

13. Plaintiff also claimed loss of business income under the terms of the Policy.

14. Defendant failed to properly adjust Plaintiff's business income loss, severely under-valued the claim, and as of the date of the filing of this Complaint, still has not compensated Plaintiff for this loss.

15. As a direct consequence of Defendant's actions, Plaintiff's business suffered a severe loss of membership and was unable to survive. Plaintiff was forced to close the fitness center in February 2018.

## COUNT ONE
### (Breach of Contract)

16. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 15 above as if fully set out herein at length.

17. Plaintiffs and Defendant Star Insurance entered into a valid contract for Insurance, for which Plaintiff paid a premium.

18. Under the terms of the Policy, Defendant was obligated to pay for Plaintiff's lost business income.

19. Defendant breached the contract by virtue of its failure to pay the amount owed Plaintiff under the terms of the policy, and its numerous delays and unreasonable actions in adjusting the claim.

20. As a direct and proximate result of Defendant's breach, Plaintiff has sustained damages, in an amount to be proven at trial.

## COUNT TWO
### (Breach of Duty of Good Faith and Fair Dealing)

21. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 20 above as if fully set out herein at length.

21. Plaintiff, on multiple occasions, requested information related to the claim from Defendant Star Insurance and its adjusters. Plaintiff specifically requested information in order to notify its members as to when the fitness center was expected to re-open.

3

22. Defendant, and its employees, failed to act reasonably towards Plaintiff and failed to adequately respond to Plaintiff's concerns. They also failed to reasonably adjust the claim.

23. Defendant, and its employees, breached their duty of good faith and fair dealing by their failure to indemnify Plaintiff and failure to adequately investigate and adjust the claim. Defendant's treatment of Plaintiff has been unreasonable and in violation of its duty of good faith and fair dealing under the contract.

24. Defendant failed to give equal consideration to the interests of its insured in violation of Arizona law.

25. As a direct result of Defendant's breach of duty of good faith and fair dealing, Plaintiff has suffered damages including monetary damages, business losses, and mental anguish in an amount to be determined at trial.

## COUNT THREE
### (Punitive Damages)

26. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 above as if fully set out herein at length.

27. Defendant has acted maliciously and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant economic harm to Plaintiff.

28. Defendant acted with an evil mind by pursuing a course of conduct, knowing that it created substantial risks of significant harm to Plaintiff's economic interest and punitive damages should be awarded in order to punish Defendant and to deter others from similar conduct.

29. Plaintiff is entitled to punitive damages to punish Defendant and to deter Defendant Star Insurance from similar misconduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

A. For such general and special damages as have been alleged above and which will be more specifically set forth at the time of trial;

B. For Plaintiff's attorney's fees and costs incurred herein pursuant to A.R.S. § 12-341 and 12-341.01;

C. For punitive damages in an amount to be proven at trial;

D. For such other and further relief as the Court may deem just and proper.

DATED this 9th day of July, 2018.

HERMAN | GOLDSTEIN

By: _____
Evan S. Goldstein
Hesam Alagha
1850 E. Thunderbird Rd.
Phoenix, Arizona 85022
*Attorneys for Plaintiff*

ORIGINAL of the foregoing filed this 9th day of July, 2018, with the Clerk of the Superior Court

By: _____
Plf/SAM/Guice/Pldgs

5

Evan S. Goldstein (#011866)
Hesam Alagha (#026607)
HERMAN | GOLDSTEIN
1850 East Thunderbird Road
Phoenix, Arizona 85022
(602) 569-8200
halagha@hgfirm.com
meo@hgfirm.com
*Attorneys for Plaintiff*



JUL 0 9 2018

CHRIS DEROSE, CLERK
J. WAYBILL
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CHLORINE LIFE LLC; an Arizona limited liability company dba AZ ELITE SPORTS AND GYM,<br><br>Plaintiff,<br><br>v.<br><br>STAR INSURANCE COMPANY, as subsidiary of MEADOWBROOK INSURANCE GROUP; Michigan corporations; JOHN and JANE DOES I-X; BLACK CORPORATIONS I-X; AND WHITE PARTNERSHIPS I-X;<br><br>Defendants. | Case No.<br><br>CV2018-052751<br><br>**CERTIFICATE REGARDING COMPULSORY ARBITRATION** |

The undersigned certifies that the largest award sought by Plaintiff, including punitive damages, but excluding interest, attorneys' fees and costs, exceeds the limits set by local rule for compulsory arbitration, Rules 72-77, Ariz.R.Civ.P. Therefore, this case **IS NOT** subject to compulsory arbitration.

HERMAN | GOLDSTEIN

By: _____
Evan S. Goldstein
Hesam Alagha
1850 E. Thunderbird Rd.
Phoenix, Arizona 85022
*Attorneys for Plaintiff*

1

ORIGINAL of the foregoing filed
this 9th day of July, 2018, with
the Clerk of the Superior Court

By: _____
PR/SAM/Guice/Pldgs

COPY

JUL 0 9 2018

CHRIS DEROSE, CLERK
J. WAYBILL
DEPUTY CLERK

Evan S. Goldstein (#011866)
Hesam Alagha (#026607)
HERMAN | GOLDSTEIN
1850 East Thunderbird Road
Phoenix, Arizona 85022
(602) 569-8200
halagha@hgfirm.com
meo@hgfirm.com
*Attorneys for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CHLORINE LIFE LLC; an Arizona limited liability company dba AZ ELITE SPORTS AND GYM, <br><br> Plaintiff, <br><br> v. <br><br> STAR INSURANCE COMPANY, as subsidiary of MEADOWBROOK INSURANCE GROUP; Michigan corporations; JOHN and JANE DOES I-X; BLACK CORPORATIONS I-X; AND WHITE PARTNERSHIPS I-X; <br><br> Defendants. | Case No. <br><br> CV 2018-052751 <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, by and through undersigned counsel, hereby demands a trial by jury in the above-entitled cause of action.

HERMAN | GOLDSTEIN

By: _____
Evan S. Goldstein
Hesam Alagha
1850 E. Thunderbird Rd.
Phoenix, Arizona 85022
*Attorneys for Plaintiff*

ORIGINAL of the foregoing filed this 9th day of July, 2018, with the Clerk of the Superior Court

By: _____
Plf/SAM/Guice/Pldgs

1